UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:19-CR-28-REW-EBA |
| v. | ) | |
| | ) | ORDER |
| MICHAEL LAWRENCE COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court following Defendant Michael Lawrence Collins's final revocation hearing on four charges of violating conditions of supervised release. *See* DE 25 (Minute Entry). Collins was sentenced to five years' probation in the Southern District of West Virigina[1] after pleading guilty to mail theft, in violation of 18 U.S.C. § 1708. *See* DE 1-2 (Judgment).

On August 7, 2023, the Court revoked probation and sentenced Collins to 4 months' imprisonment followed by 1 year of supervision after Collins violated probation conditions, including drug use and the crime of drug possession. *See* DE 12 (Revocation Judgment). Collins's supervision term recommenced on November 3, 2023. On February 26, 2023, the United States Probation Office ("USPO") issued a Supervised Release Violation Report. The reports alleged the following: (1) that Collins tested positive for marijuana; (2) that Collins unlawfully possessed marijuana, in violation of 21 U.S.C. 844(a); (3) that Collins tested positive for benzodiazepines; and (4) that Collins unlawfully possessed benzodiazepines, in violation of 21 U.S.C § 844(a).

---

[1] The case was transferred to this Court on December 31, 2019. *See* DE 1.

1

United States Magistrate Judge Edward B. Atkins recommended that the undersigned, per the Government's oral motion, dismiss Violations 1 and 2. *See* DE 26 at 4 (Recommended Disposition). Upon full consideration of the remaining two charges, Judge Atkins recommended that the undersigned (upon stipulation and based on the full record) find Collins guilty of Violations 3 and 4, revoke Collins's supervision, and sentence him to a carceral term of six months with one year of supervision to follow. *See id.* Judge Atkins informed Collins of his right to object to the recommendation. *See id.* The prescribed fourteen-day objection period has expired without objection from either party, and Collins waived allocution. *See* DE 27.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").[2]

Judge Atkins properly assessed the matter, marshalled the full record, and issued a sensible recommendation on the record presently before the Court. The Court thus, with no objection from

---

[2] The Court notes that Violation 4 has proceeded as Grade C. The prior controlled substance crime (PIR ¶ 45) might have pushed that grade to B. *See* § 844(a) (noting, for simple possession, felony range if "prior conviction for any drug. . . offense chargeable under the law of any State[.]"). Probation did not charge it as such, and the litigation process did not treat the matter as Grade B. The Court abides.

any party and on full review of the record and Judge Atkins's thorough and expert treatment,[3] **ORDERS**, with respect to the cited violations established before the Court, as follows:

1. The Court **ADOPTS** DE 26, **DISMISSES** Violations 1 and 2, and **ADJUDGES** Collins guilty of Violations 3 and 4;

2. The Court **REVOKES** supervision and **SENTENCES** Collins to six months' imprisonment, with one year of supervision to follow, under the conditions included in the original DE 12 revocation judgment; and

3. The Court will enter an appropriate revocation judgment.

This the 28th day of March, 2024.

Signed By:
Robert E. Wier
United States District Judge

---

[3] Judge Atkins accounted for the original crime, the nature of the violations, Collins's prior violation (also involving use of controlled substances), and Collins's personal characteristics, namely his "long standing addiction to prescription pain medication[.]" DE 26 at 3-4.